# **EXHIBIT B**



IN THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE
ANTIGUA AND BARBUDA

CLAIM NO:

**Submitted Date:22/04/2025 14:16**

**Filed Date:22/04/2025 14:16**

**Fees Paid:52.00**

**BETWEEN:**

**SHAN FU**

<u>Claimant</u>

-and-

**SINOVAC BIOTECH LTD.**

<u>Defendant</u>

**STATEMENT OF CLAIM**

The Claimant, **SHAN FU** of Unit 1501-1505, North Tower CP Center, 20 Jinhe East Road Chaoyang District, Beijing 100020 claims against the Defendant **SINOVAC BIOTECH LTD.** of APN Corporate and Management Services Limited, Winter Medical Centre, Fort Road, Antigua and Barbuda.

**INTRODUCTION**

1. The Claimant is, and was at all material times, a Director of the Defendant and a Managing Partner of Vivo Capital LLC ("**Vivo**").

2. The Defendant is a company incorporated in Antigua and Barbuda. It carries on business as a biopharmaceutical company that focuses on research, development, manufacturing, and commercialisation of vaccines against infectious diseases, including CoronaVac, a vaccine against COVID-19.

3. The Defendant's Articles of Incorporation and By-Laws provide as follows:

   a. The Defendant shall have a minimum of one and a maximum of fifteen Directors (Article IV Articles of Incorporation; By-Law 8.1).

   b. Each Director shall hold office unless removed as provided in the Articles of Incorporation and By-Laws, until the next Annual Shareholders' Meeting and until his successor shall have been elected (By-Law 8.1).

   c. The annual Directors' Meeting of the Defendant shall be held no more than four months from the date of registration of the Defendant at such place within Antigua and Barbuda as the Board may determine (By-Law 7.1).

   d. The Board, at the request of any Director, may meet together for the dispatch of business, adjourn and otherwise regulate their meetings as it thinks fit (By-Law 8.4).

   e. The quorum necessary for the transaction of the business of the Board may be fixed by the Board, and, unless so fixed, shall be one-half of the number of persons then serving as Directors (By-Law 8.6).

   f. Every question at a meeting of the Board (except where otherwise provided by the Board) shall be determined by a majority of the votes of the Directors present, each Director having one vote (By-Law 8.7).

   g. A resolution may be adopted without any meeting of the Board or a committee if evidenced by writing under the hands of all the Directors or all the members of such committee, and such writing shall be as valid and effectual as a resolution duly passed at a meeting of the Board or such other committee (By-Law 8.8).

   h. The business of the Corporation shall be managed by the Board, who may exercise all such powers of the Corporation as are not by the Act or the By-Laws required to be exercised by the Corporation in an Annual Shareholders' Meeting, subject nevertheless to any regulation of these By-Laws, to the provisions of the Act as may be prescribed by special resolution of the Corporation, but no regulation so made

by the Corporation shall invalidate any prior act of the Board which would have been valid if such regulation had not been made. The general powers given by this By-Law shall not be limited or restricted by any special authority or power given to the Board by any other By-Law (By-Law 8.9).

i. Any Director may be removed by a majority vote of the shareholders (By-Law 8.11).

## THE CLAIMANT'S APPOINTMENT AND SERVICE AS A DIRECTOR

4. In around July 2018, Vivo invested in the Defendant by purchasing 5.9 million common shares in the Defendant for a purchase price of approximately USD 43.365 million, pursuant to Securities Purchase Agreement dated 2 July 2018 between Vivo, the Defendant, and Prime Success, L.P. (the "**SPA**").

5. Pursuant to section 5.3 of the SPA, the Board of the Defendant was required to use its reasonable best efforts to cause an individual nominated by Vivo to be appointed to the Board of the Defendant. Clause 2.1 of the shareholders' agreement (the "**SHA**") entered into by the same parties on 2 July 2018 reiterated this requirement.

6. On 3 July 2018, the Claimant was appointed to the Board of the Defendant as Vivo's designee and to fill a vacancy on that Board. Prior to the Claimant's appointment, only five of a possible total of fifteen Directors had been appointed to the Board.

7. The Defendant made public filings with the U.S. Securities Exchange Commission (the "**SEC**") on 3 July 2018, which confirm the Claimant's appointment to the Board. The Defendant's announcement regarding Vivo's investment states that "*Mr. Shan Fu, Managing Partner at Vivo Capital since 2013, joined Sinovac's Board of Directors*".

8. This announcement states that:

> "[p]*ursuant to the Company's obligations under the Purchase Agreement and the Shareholders Agreement, on July 2, 2018, the Board of Directors adopted resolutions to: (i) increase the size of the Board of Directors by one director and (ii) appoint Shan Fu, the individual designated by the Lead Investor to be the*

3

*Investor Designee, to fill the vacancy created by the increase in the number of directors constituting the entire Board of Directors. Mr. Fu shall serve until his successor has been duly elected and qualified or unless he resigns, is removed or is otherwise disqualified from serving in such position*".

9. The Defendant's annual reports (filed in the form of 20-F with the SEC) for each year from 2018 to 2023 also list the Claimant as an independent Director on the Board. The Defendant's 2023 annual report, for example, describes that the Claimant has "*served as an independent director of our company since July 2018, when he was appointed as a director by the PIPE Investors in connection with the PIPE transaction described above. Mr. Fu is the chairman of Sinovac Antigua's investment committee and a member of Sinovac Antigua's compensation committee*".

10. The Claimant has diligently served as a Director of the Defendant since his appointment on 3 July 2018, until he was prevented from doing so by the deliberate exclusion of the Claimant as further described below. The Claimant's activities as a Board member over the course of more than six years have included the following:

    a. The Claimant has attended over 30 meetings of the Board and participated in all written resolutions of the Board.

    b. The Claimant has served on the Defendant's investment committee since December 2022 and the compensation committee since April 2020.

    c. The Claimant has attended and presided as the chairman over all of the Defendant's investment committee meetings since his appointment to that committee, and has participated in passing all written resolutions of the investment committee.

    d. The Claimant has attended four of the Defendant's compensation committee meetings and has participated in all written resolutions of the compensation committee.

      e. The Claimant has contributed to the Defendant's success including by securing approximately USD 500 million of funding for the Defendant from a new investor, Sino Biopharmaceutical Limited.

11. The Claimant has never been removed as a Director of the Defendant.

12. Mr. Fu is listed as a Director of the Defendant in the Financial Services Regulatory Commission's Corporate File Report on the Defendant.

13. No shareholder of the Defendant has taken any steps to challenge, less still to remove the Claimant from his position of Director in the more than six years in which he has served in that role.

## TAKEOVER OF THE DEFENDANT'S BOARD BY AN ACTIVIST SHAREHOLDER

14. At the time of Vivo's investment, the Defendant's then-incumbent Board were resisting a takeover attempt by activist shareholder 1Globe Capital LLC ("**1Globe**"). 1Globe ambushed an annual general meeting of the Defendant held on 6 February 2018 (the "**AGM**") and attempted to remove certain of the existing incumbent Directors – but not the Claimant, who had not yet been appointed to the Board – and elect their preferred Directors to the Board (the "**1Globe Directors**") in their place.

15. The Defendant disputed that the 1Globe Directors had been validly appointed. As a result, 1Globe commenced litigation in Antigua and Barbuda.

16. 1Globe's claims were dismissed by both the High Court of Justice in Antigua and the Eastern Caribbean Supreme Court in the Court of Appeal. 1Globe appealed to the Privy Council.

17. On 16 January 2025, the Privy Council reversed the decision of the Antiguan Courts on procedural grounds, holding that 1Globe should be granted *"declaratory relief to the effect that the* [1Globe Directors] *were duly elected at the AGM and that the Incumbent Directors ceased to hold office as directors at the AGM."* While 1Globe had sought relief to declare the actions of the Incumbent Directors to be invalid, the Privy Council did not grant this relief.

18. The Privy Council made no pronouncement about Mr. Fu's status as a Director. Mr Fu was not among the "Incumbent Directors" who were the subject of the Privy Council's decision.

OPPRESSIVE AND UNFAIRLY PREJUDICIAL CONDUCT BY THE DEFENDANT

19. Following the Privy Council's judgment delivered on 16 January 2025 and the Privy Council's order, dated 5 February 2025, the Defendant, now under the control of 1Globe Directors, has carried on its affairs in a manner that is oppressive and unfairly prejudicial to the Claimant and his reasonable expectations by excluding him from the Board of the Defendant and purporting to conduct its affairs via the 1Globe-controlled Board without the knowledge or involvement of the Claimant, and despite Mr. Pengfei Li ("**Mr. Li**"), one of the 1Globe Directors, being imprisoned in China. Mr. Li is the nephew and assistant to Dr. Chiang Li ("**Dr. Li**"), the owner of 1Globe.

20. The Defendant has purported to take actions and decisions via the 1Globe-controlled Board in breach of the quorum requirements and requirements for written resolutions contained in its Articles of Incorporation and By-Laws.

21. The Defendant has taken at least the following actions unlawfully, and without the involvement of the Claimant:

    a. On 28 February 2025 the Defendant issued a press release announcing the new composition of its Board, which purportedly includes Dr. Li as the chairman of the Board despite the fact that he was not one of the 1Globe Directors as declared by the Privy Council's order. The press release further states that the Defendant's Board had initiated "*a process . . . to determine the valid shares issued and outstanding* [in the Defendant]" so that the Defendant's shares could resume trading on the Nasdaq Stock Market.

    b. On 28 March 2025 the Defendant issued a press release announcing the appointment of Mr. Sven Borho to the Board and his election as chair of the audit committee. That press release incorrectly listed the Defendant's Board members without including the Claimant.

    c. On 1 April 2025, the Defendant issued a press release stating that the Board had decided to declare a special cash dividend of USD 55.00 per common share. That press release also stated that the current members of the Board are assessing certain corporate actions taken by the former Board of Directors of the Defendant after they ceded office, including the issuance of shares to Vivo.

22. The Claimant was provided with no notice of any meetings to decide any of the matters summarised above, nor was he provided with any written resolution(s). Had he been given notice, the Claimant would have attended the relevant Board meetings and exercised his voting rights with regards to each of these resolutions.

23. The Defendant has not responded to letters sent by the Claimant on 21 February 2025 and 7 April 2025 protesting his unlawful exclusion from Board matters and requesting further information about the Board's purported actions in his absence.

24. Vivo's legal counsel wrote to the Defendant on 22 March 2025 regarding the exclusion of the Claimant from all Board matters, but the Defendant responded by its counsel on 2 April 2025 refusing to recognise the Claimant's status as a Director.

25. By reason of the Defendant carrying on its affairs in a manner that is oppressive and unfairly prejudicial to the Claimant, the Defendant is liable to the Claimant in damages. The Claimant is entitled to the Injunction and Declarations sought below pursuant to s. 204 of the International Business Corporation Act, Cap 222 and/or pursuant to the Court's inherent jurisdiction.

AND the Claimant claims:

26. A Declaration that the Claimant is a Director of the Defendant.

27. An Injunction restraining the Defendant from excluding the Claimant from the activities of the Board of the Defendant.

28. A Declaration that any decisions or acts or matters purported to be conducted by the Board of the Defendant to the exclusion of the Claimant were and are invalid unless the

Claimant is included in the meetings or other processes in respect of those decisions or acts or matters.

29. Damages.

30. Court fees.

31. Costs.

32. Such further or other relief as the Court deems fit.

Dated the 22nd day of April 2025

*[signature]*

David Dorsett, Ph.D.
Watt, Dorsett, Hewlett Law
Attorneys-at-law for the Claimant
Kingsgate Chambers
55 Newgate Street
St. John's, Antigua
(T): 1-268-462-1351
(E): david.dorsett@richards.ag

## CERTIFICATE OF TRUTH

I, **SHAN FU**, the Claimant herein, certify that I believe that the facts stated in this Statement of Claim are true.

Date: April 19, 2025

Signed: *[signature]*
Shan Fu

8

**THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**Antigua and Barbuda**

**Claim No.: ANUHCV2025/**

**BETWEEN**

**SHAN FU**           **Claimant**

**– and –**

**SINOVAC BIOTECH LTD**           **Defendant**

---

## STATEMENT OF CLAIM

---

**DAVID DORSETT, PH.D.**
Watt, Dorsett, Hewlett Law
Attorneys-at-law for the Claimant
Kingsgate Chambers
55 Newgate Street
St. John's, Antigua
(T): 1-268-462-1351
(E): david.dorsett@richards.ag
